CLERK'S OFFICE U.S. DIST. COURT
AT CHARLOTTESVILLE, VA
FILED

NOV 19 2007

JOHN F CORCORAN, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION

MAUREEN BRYANT,
        *Plaintiff,*

v.

WASHINGTON MUTUAL CORPORATION,

HOWARD BIERMAN, AND

BIERMAN, GEESING, & WARD, LLC
        *Defendants.*

CIVIL NO. 6:07cv00015

MEMORANDUM OPINION

JUDGE NORMAN K. MOON

    This matter is before the Court on Plaintiff's Motion and Notice for Judge Moon to Stop Bryant's Eviction Pending Outcome of this Case filed on November 16, 2007. Plaintiff's motion arises out of the Bedford County Circuit Court's recent judgment against her in an unlawful detainer suit brought by Deutsche Bank, which purchased Plaintiff's home in the foreclosure sale that resulted from events at issue in this case. As I interpret Plaintiff's motion, it makes two requests. The first is what can only be construed as a request that I enjoin the Bedford County Circuit Court and/or Deutsche Bank from enforcing the Circuit Court's judgment. Plaintiff's second request is for appointed counsel. For the reasons stated below, I will deny Plaintiff's motion in an Order accompanying this Memorandum Opinion.

    Regarding Plaintiff's request for an injunction, although I recognize that her home is at stake, I simply lack the power to grant the injunction she seeks.[1] Those whom Plaintiff would have me enjoin are not parties to this litigation, and I therefore lack jurisdiction over them. *See*

---

[1] Given that Plaintiff has indicated her intention to appeal the Circuit Court's decision, however, it is possible that she could obtain a suspension of the judgment, pursuant to Va. Code Ann. § 8.01-676.1(C), during the time that her appeal is pending, which would have essentially the same effect as the relief she seeks from this Court.

- 1 -

Fed. R. Civ. P. 65(d) (stating that an injunction "is binding only upon the parties to the action . . . and upon those persons in active concert or participation with them").

Furthermore, apart from the jurisdictional problem, Congress has prohibited federal courts from enjoining state court proceedings in circumstances such as these. Under the Anti-Injunction Act, "[a] court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." 28 U.S.C. § 2283 (2000). Plaintiff has not cited, and I am not aware of, any Act of Congress that creates an exception under the circumstances presented in this case. Furthermore, this Court has not rendered a judgment in Plaintiff's case and therefore there are no judgments "to protect or effectuate."

Thus, the only possible circumstance under which I could issue an injunction is if it were "necessary in aid of [the Court's] jurisdiction." Although this provision appears rather broad on its face, the circumstances to which it applies are in fact extremely limited and do not include even those situations where, as here, the state court proceeding involves issues that are closely related to those in the federal court proceeding. *See* 17A James Wm. Moore, *Moore's Federal Practice* § 121.07[1], [2][c] (3d ed. 1997) (citing cases). Accordingly, the Anti-Injunction Act prohibits me from granting the injunction Plaintiff seeks.

Turning to Plaintiff's request for appointed counsel, "it is well settled that in civil actions the appointment of counsel should be allowed only in exceptional cases." *Cook v. Bounds*, 518 F.2d 779, 780 (4th Cir. 1975). Although the precise contours of an "exceptional case" are somewhat unclear, a key question that a court should consider is whether the plaintiff has a "colorable claim." *Gordon v. Leeke*, 574 F.2d 1147, 1153 (4th Cir. 1978). Because a Rule 12(b)(6) motion to dismiss asks essentially this same question, and such a motion is currently

pending before the Court, it would be premature to decide whether to appoint counsel before deciding the motion to dismiss. Accordingly, I will deny Plaintiff's request for appointed counsel without prejudice for Plaintiff to renew the request in the event that she prevails on the motion to dismiss.

ENTERED: _____
United States District Judge

Date: 11/19/07